IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LATREZZ L. SINGLETON, | |
| Petitioner, | CIVIL ACTION NO.: CV214-108 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: CR210-019) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Latrezz Singleton ("Singleton") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America ("Respondent") filed a Motion to Dismiss. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Singleton's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Singleton was convicted, after a jury trial in this Court, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Chief Judge Lisa Godbey Wood sentenced Singleton to the statutory maximum of 120 months' imprisonment. Singleton filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Singleton, 455 F. App'x 914 (11th Cir. 2012).

Singleton previously filed a section 2255 motion in this Court. In that motion, Singleton contended that his attorney provided ineffective assistance. Singleton also contended that his sentence was enhanced based on acts which were not charged in the indictment. The undersigned recommended that Singleton's motion be denied on the merits, and Chief Judge Wood adopted this recommendation as the opinion of the Court. (CV212-173, Doc. Nos. 7, 13).

Singleton now contends that his sentence violates Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), because the Court miscalculated his sentencing range under the United States Sentencing Guidelines. Respondent asserts that Singleton's motion should be dismissed as being an unauthorized second or successive petition.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a

movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Singleton did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion). "There is, however, a small subset of claims that are not categorized as 'second or successive'—i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). In this regard, the Court notes Singleton's reliance on Descamps. In Descamps, the United States Supreme Court determined whether a prior conviction could be counted as a qualifying felony for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). ___ U.S. at ___, 133 S. Ct. at 2281. Singleton was not sentenced pursuant to the ACCA, as a person sentenced to this Act faces a statutory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). Instead, Singleton was convicted pursuant to 18 U.S.C. § 922(g)(1), which carries a ten-year statutory maximum sentence. (CR210-19, Doc. Nos. 19, 20, and 75, p. 8). Descamps is inapplicable to Singleton, and even if it were, Singleton still must adhere to the gatekeeping requirements of section 2244. 28 U.S.C. § 2255(h)(2). Descamps has not been made retroactively applicable to cases on collateral review. Wilson v. Warden, FCC Coleman, No. 13-11560, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) ("The Supreme Court itself has not expressly declared Descamps to be retroactive to cases on collateral review. Moreover,

AO 72A
(Rev. 8/82)

Descamps was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."). Singleton is not permitted to proceed pursuant to 28 U.S.C. § 2255 absent authorization to do so from the Eleventh Circuit Court of Appeals.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Singleton's Motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)