**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LATREZZ L. SINGLETON,

    Defendant.

CRIMINAL CASE NO.: 2:10-cr-19

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is Defendant Latrezz L. Singleton's Motion for Leave to Appeal *In Forma Pauperis*. (Doc. 123.) For the reasons set forth below, Defendant's Motion should be **DENIED.**

### BACKGROUND

In this action, Defendant Latrezz L. Singleton was charged by a one-count superseding indictment with violating 18 U.S.C § 922(g)(1), possession of a firearm by a convicted felon. (Doc. 19.) Richard Otway Allen was appointed to represent Defendant in this matter. Mr. Allen represented Defendant through his May 10, 2011 sentencing and also through Defendant's appeal to the United States Court of Appeals for the Eleventh Circuit.

On August 31, 2015, Defendant filed his second pro se Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (Doc. 120.) Defendant contended that his sentence should be modified pursuant to Amendment 784 to the United States Sentencing Manual

---

[1] Defendant previously filed a Motion for Sentence Reduction based on Amendment 782 (doc. 113) which the Court denied on February 2, 2015 (doc. 115). Later, Defendant filed a Motion for Reconsideration (doc. 117) of that Order which the Court denied by Order dated March 30, 2015 (doc. 119).

§ 1B1.11(b)(2). Id. The Court denied that Motion on September 21, 2015. (Doc. 121.) In so doing, the Court noted that "Amendment 784 clarifies how relevant conduct principles operate in determining whether U.S.S.G. § 2K2.1(b)(6)((B) applies." Id. However, the Court explained that Amendment 784 had not been made retroactive and that, in any event, even absent a four-level enhancement under Section 2K2.1(B)(6)(B), Defendant's guideline range would remain the same. Id.

On October 9, 2015, Defendant filed a Notice of Appeal of the Court's Order denying his Motion for a Sentence Reduction. (Doc. 122.) Defendant also filed with his Notice of Appeal the instant Motion Application to Proceed on Appeal *in Forma Pauperis*. (Doc. 123.)

## DISCUSSION

A defendant has a right to have his conviction reviewed by a court of appeals. Coppedge v. United States, 369 U.S. 438, 441–42 (1962). Under limited circumstances, a defendant also may appeal from his sentence. 18 U.S.C. § 3742(a). After filing a timely notice of appeal, an indigent defendant is immediately faced with court fees for docketing his appeal in the court of appeals, and with the cost of preparing the record, including a stenographic transcript of all or part of the trial proceedings. Coppedge, 369 U.S. at 442–43. If a defendant is unable to meet either or both of these expenses, he can perfect his appeal only by applying for leave to appeal *in forma pauperis*. Id., 369 U.S. at 443.

Statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U.S.C. § 1915, authorizing any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. Coppedge, 369 U.S. at 441. The application, to be made to the district court in which the defendant was convicted, must conform

to the requirements of 28 U.S.C. § 1915(a), and must include, in affidavit form, the defendant's representations of poverty, a statement of the case, and his belief that he is entitled to redress.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith, or finds that the party is otherwise not entitled to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. Coppedge, 369 U.S. at 445. A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). "Good faith" in the context of a criminal appeal is judged by an objective standard. Coppedge, 369 U.S. at 444. An application to appeal *in forma pauperis* may be denied "if it appears-objectively-that the appeal cannot succeed as a matter of law." United States v. Alvarez, 506 F.Supp.2d 1285, 1290 (S.D. Fla. 2007) (citing DeSantis v. United Technologies Corp., 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998)). Further, a case is frivolous for *in forma pauperis* purposes if it appears there is "little or no chance of success." Id. (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993)).

The Federal Rules of Appellate Procedure also specify the procedure for taking appeals *in forma pauperis*. A party to an action in a district court who desires to proceed on appeal *in forma pauperis* must file in the district court a motion for leave to proceed, together with an affidavit, showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's

inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which that party intends to present on appeal. Fed. R. App. P. 24(a).

Based on the Court's analysis of Plaintiff's Motion for Reduction of Sentence, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. As the Court explained in its Order denying the Motion for Sentence Reduction, Amendment 784 was not made retroactive and, therefore, provides no basis for revising Defendant's sentence. See Doc. 121. Furthermore, even if the Amendment resulted in the retraction of the four level enhancement, this would not result in a change in Defendant's guideline range. Id.; see also, United States v. Phillips, 325 F. App'x 845, 847 (11th Cir. 2009) (affirming denial of motion to reduce sentence because amendment to Guidelines did not lower defendant's applicable guideline range). Thus, Plaintiff should not be granted leave to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that Plaintiff be **DENIED** leave to appeal *in forma pauperis*.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Motion must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 29th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA